ATTORNEY GENERAL *v.* CITY OF HOWELL.

1. MUNICIPAL CORPORATIONS—INJUNCTION—IN ABSENCE OF SHOW-
ING OF PUBLIC NUISANCE ATTORNEY GENERAL MAY NOT ENJOIN
POLLUTION OF STREAM.

> In a suit by the attorney general, on his own motion, to
> enjoin a city from emptying raw sewage into a river, he
> has no standing in court where the proofs fail to show a
> public nuisance.[1]

2. SAME—POLLUTION OF STREAM—PRIVATE GRIEVANCE—COMPLIANCE
WITH HEALTH DEPARTMENT ORDER MAY BE COMPELLED.

> If the pollution of a stream by a city emptying into it
> raw sewage constitutes a private grievance, the persons
> aggrieved may press for remedy, but the attorney general
> may not make the subject one for him, on behalf of the
> State, to bring before the courts, notwithstanding Act
> No. 398, Pub. Acts 1921, empowers him to compel a city
> to comply with an order of the State department of health
> to eliminate all deleterious matter by filtration before
> emptying it into a river.[2]

Appeal from Ingham; Carr (Leland W.), J.    Sub-
mitted April 23, 1925.    (Docket No. 68.)    Decided
June 18, 1925.

Bill by Andrew B. Dougherty, attorney general, on
the relation of the people of the State of Michigan,
against the city of Howell and others to enjoin the
emptying of sewage into a stream.    From a decree
dismissing the bill, plaintiff appeals.    Affirmed.

*Andrew B. Dougherty*, Attorney General, and *Fred
L. Warner*, Assistant Attorney General, for plaintiff.

*Louis E. Howlett* and *Don W. Van Winkle*, for de-
fendants.

---

[1]Municipal Corporations, 28 Cyc. p. 1337 (Anno); [2]Id., 28 Cyc.
p. 1337.

231—Mich.—26.

WIEST, J.    In this suit the attorney general, on his own motion, in behalf of the people of the State, seeks an injunction to stop the city of Howell from emptying raw sewage in a small branch of the Shiawassee river, claiming it is a public nuisance, a menace to the public health, destructive of fish, and in violation of an order of the State department of health directing the city to establish a sewage treatment system.    Upon hearing, the bill was dismissed.    The case is here by appeal.    The proofs fail to show a public nuisance.    This being so the attorney general has no standing in court.    The attorney general relies on the holding in *Attorney General* v. *City of Grand Rapids,* 175 Mich. 503 (50 L. R. A. [N. S.] 473, Ann. Cas. 1915A, 968).    But in that case the bill was filed in the name of the attorney general, upon the relation of the township of Wyoming, through its township board, its board of health, and its supervisor, and upon the relation of the village of Grandville and certain riparian owners.    Here the record does not disclose any public request for, or need of, intervention by the attorney general.    The pollution of the water, rendering it unfit for stock to drink, and the odor emanating from such pollution may constitute a private grievance; but, if so, the persons annoyed should press for remedy and, the public not being concerned, the attorney general may not make the subject one for him, in behalf of the State, to bring before the court.    The claim that the sewage has driven fish from the stream for some distance from the mouth of the sewer is, under the evidence, too small a peg to hold the suit of the attorney general.    In times of high water suckers and pike may run up the stream, for pike will at such times run up small ditches, but they will not stay in such shallow and narrow water, as in this stream at all other times.    Chubs and shiners quite likely would remain but they are fish bait at the most.

Act No. 398, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5034), empowers the State department of health to inspect sewage systems and, if found to be dangerous to individuals or to the public health generally, alterations may be required, but provides there shall be no power to prevent a city, disposing of its sewage into any river at the time of the passage of the act, from continuing to do so after all deleterious matter has been eliminated by filtration.    If, under the authority of this act, the State department of health has exercised right of direction in the premises, and such order has not been obeyed, the same act provides that the attorney general may institute mandamus proceedings in the circuit court of Ingham county to compel the city to comply therewith.    The sewer was established before the passage of the act above mentioned.

The riparian owners along this branch of the river had a right to enjoy the advantages of the water for their stock, unpolluted by sewage, and not be driven to fence the stream to keep their stock away from its waters.    But such rights are private and give the attorney general no cause to complain thereof in the name of his office.    At times there is a stench from the river annoying to three or four families and perceptible to travelers over a highway crossing the stream, but no sickness traceable to the fouling of the stream was shown.

The decree in the circuit is affirmed, without costs.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.    BIRD, J., did not sit.